**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM EMERY FODOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HENDERSON POLICE DEPARTMENT, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:10-cv-00127-LDG-PAL <br><br> **REPORT OF FINDINGS AND RECOMMENDATION** |

   This matter is before the court on Defendants' Notice of Removal (Dkt. #1) of this case to federal court. This case was filed in state court on December 11, 2009 and removed to this court on January 28, 2010. The court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Federal courts are authorized to conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court should identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d. 696, 699 (9th Cir. 1988).

   In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

§ 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

The Complaint was filed pursuant to 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  Will v. Mich. Dept. of State *Police,* 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities.  Hafer v. Melo, 502 U.S. 21, 26 (1991).

Likewise, local governments, such as municipalities, can be sued under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels."  Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 690-91 (1978).  Municipal officers may be sued in their official capacities, but the

plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989).

Plaintiff's Complaint seeks declaratory relief against all Defendants, compensatory and general damages for loss of property, exemplary and punitive damages against Defendants Gower, Thompson, Pratt and Rosendin Electric, Inc. for their conduct relating to his conviction in state court, and injunctive relief against the Henderson Police Department, directing them to properly train their officers. All of Plaintiff's requests for relief arise out of his arrest and conviction in state court following a jury trial that commenced on December 18, 2007.

Plaintiff alleges that on September 19, 2007, Defendants conspired and acted in concert to deprive him of his "Civil, Constitutional, and Statutory Rights as guaranteed by the Bill of Rights." Complaint at ¶ 1. The face of the Complaint indicates Plaintiff learned of Defendants' conduct during a jury trial in Nevada state court that began on December 18, 2007. Id. at ¶ 4. Specifically, Plaintiff claims that on September 20, 2007, Officers Michael Gower and Matthew Thomason, acting in their individual and official capacities, were investigating a complaint of a stolen vehicle at the Montego Bay Apartments, located at 1050 Whitney Ranch Drive #10 in Henderson, Nevada. Complaint at ¶ 21. Christopher O. Daniels reported his 1992 Chevrolet pickup truck stolen on September 14, 2007. Id. at ¶ 25. Plaintiff alleges that Officers Gower and Thomason seized Plaintiff's personal property from the rear compartment of a Jeep Cherokee registered to Teresa Ann Riggs. Id. at 21. He asserts Gower and Thomason removed magnetic door signs with the logo "Ryan's Skate Shop" from a 1992 Chevy pickup truck and discarded the signs without "photographing, memorializing, or making any record of these items." Id. at ¶ 22. Plaintiff also asserts the truck was returned to Mr. Daniels with Plaintiff's tools and work boots. Id. at ¶ 22, 30. Plaintiff does not allege that he owned either vehicle. Plaintiff attempted to recover the door signs, but he was unsuccessful. Id. at 27-30. Plaintiff was ultimately convicted of crimes related to theft of the pickup truck. Id. at 34. Plaintiff also names Alan Pratt as a Defendant, claiming his sworn statement and the eyewitness testimony amount to perjury. Id. at 31-36. Plaintiff claims the Henderson Police Department failed to properly train, instruct, and supervise Officers Thomason and Gower. Id. at 16.

Plaintiff's claims against Defendant Pratt must be dismissed because Plaintiff is attempting to assume a prosecutorial function. Plaintiff believes Defendant Pratt's eye witness testimony at his trial was false. The court does not have jurisdiction to hear this claim. Criminal charges brought for perjury are brought by the state or federal government's prosecuting offices, and not by private parties. Plaintiff cannot act as a private attorney general and seek to enforce the statute(s). Moreover, Plaintiff cannot state a § 1983 claim against Defendants Pratt, Rosendin Electric, Inc., or Christopher O. Daniels because they are not state actors. Therefore, Plaintiff's Complaint against these Defendants must be dismissed.

Plaintiff's remaining claims must be dismissed because he is attempting to collaterally attack his state court convictions in this civil suit. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination. or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions"). Heck is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 484. Here, it does not appear Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question. Therefore, Plaintiff's Complaint must be dismissed.

Even assuming Plaintiff is attempting to assert state claims, the Complaint must still be dismissed under Heck. Courts have held that when state law claims are based on the same premise as constitutional claims under § 1983, Heck also bars relief on such claims. Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000) (stating "based on Heck, an excessive force claim under section 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events").

Plaintiff's Complaint is also barred by the statute of limitations. Civil rights action brought under 42 U.S.C. § 1983 are characterized as personal injury claims for statute of limitations purposes. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). The personal injury statute of limitations for the state in which the district court sits applies. Owens v. Okure, 488 U.S. 235 (1989). Nevada personal injury claims have a two year statute of limitations. See NRS 11.190(4)(e). The events that gave rise to Plaintiff's Complaint occurred on September 20, 2007. Plaintiff filed his Complaint on December 11, 2009–nearly three months after the statute of limitations expired. Furthermore, even assuming Plaintiff's claims arise under Nevada law, they are barred by the Nevada statute of limitations as well. NRS 11.190 provides for a three year statute of limitations, "unless further limited by specific statute." Id. NRS 11.190(5)(a) provides for a one-year statute of limitations for any claim alleging unlawful seizure of personal property by police officers. Because an unlawful seizure of property is the gravamen of Plaintiff's Complaint, it must be dismissed on this ground as well.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED with prejudice for failure to state a claim for which relief can be granted.

Dated this 30th day of March, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE